MRS. CHARLES M. BOERMAN, née MARÍA L. FORDHAM, peticionaria, apelada y apelante, *v.* HEREDEROS DE ESTHER BESSIE BOERMAN, opositores, apelantes y apelados.

Núm. 7060.—*Resuelto:* Mayo 25, 1938.

*Mariano Acosta Velarde* y *Federico Acosta Velarde,* abogados de los apelantes y apelados; *E. Ramos Antonini* y *V. Gutiérrez Franqui,* abogados de la apelada y apelante.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

#### EN MOCIÓN DE RECONSIDERACIÓN.

Conforme dijimos en nuestra opinión principal de 4 de febrero de 1938 (52 D.P.R. 611), el incidente envuelto en este caso surgió de la rendición y aprobación de la cuenta final de la administración judicial de Charles M. Boerman. Entre otras cosas, la corte inferior había concedido a la administradora ciertas sumas por concepto de desembolsos y honorarios de abogado. Luego de un estudio que se hizo bastante difícil por el estado complicado de los autos, y descansando necesariamente, según dijimos, en la mayor familiaridad y conocimiento por parte de la Corte de Distrito con todos los documentos, etc., y con la administración judicial misma, llegamos a la que consideramos una decisión razonable y lógica de las cuestiones que estaban ante nos. Los opositores han radicado ahora una moción de reconsideración acompañada de varios *exhibits,* con el propósito de subsanar la falta de identificación de algunos de los documentos hallados en la transcripción de evidencia, para impugnar la aparente naturaleza y efecto de algunas de las órdenes de la corte y, en general, para corregir o aclarar en lo posible algunas de las partidas importantes, relativas a honorarios de abogado y costas judiciales, que, precisamente por falta de tal claridad o identificación, resolvimos a favor de la administradora.

Los opositores, como excusa por haber dejado de hacer esto originalmente en su alegato, dicen que toda vez que en su recurso de apelación atacaron totalmente la legalidad de todos los cargos hechos por concepto de honorarios de abogado y costas judiciales, tal ataque incluía la validez de todas y cada una de dichas partidas individuales.

Algunas de las explicaciones que ahora hacen los peticionarios puede que tiendan a sostener sus contenciones. Sin embargo, no creemos que debemos en este momento entrar a considerar dichas partidas, la incorrección de las cuales debió haber sido señalada separadamente como error. Los peticionarios tuvieron su oportunidad, y debieron haber anticipado bien la situación actual o la revocación o confirmación parcial de la decisión de la corte inferior.

La presunción relativa a la certeza de la sentencia de la corte inferior sobre aquellas partidas que tan sólo ahora han sido atacadas específicamente, debe subsistir. Tal vez sea de lamentarse que los peticionarios no especificaran o presentaran en detalle sus objeciones originalmente. La mayoría de esas objeciones depende para su determinación de circunstancias que no han sido verdaderamente desarrolladas o que no aparecen claramente de los autos que están ante nos en apelación, y de deducciones que no deben razonablemente esperarse de una corte de jurisdicción apelativa. Los litigios deben algún día llegar a su fin. *Interest reipublicae ut sit finis litium.* Muchos de los puntos a que ahora se da énfasis nunca fueron planteados con precisión en el alegato radicado en apelación y no debemos considerarlos en fecha tan remota, especialmente toda vez que tal consideración conllevaría mayor demora en la liquidación final de una administración que casi ha sido interminable.

Nos damos cuenta de la desventaja en que los aquí peticionarios han estado litigando, debido parcialmente a su ausencia de la Isla durante la mayor parte del tiempo que ha durado la administración, mas no puede hacérsenos responsables de que desconozcamos cosas o hechos que no aparecen claramente

de los autos ni del alegato original. Son los apelantes los llamados a guiarnos y a indicarnos lo que es cierto y lo que no lo es. Si nos confrontamos con múltiples documentos, resoluciones, etc., que la corte inferior ha resuelto favorablemente, y no se presenta objeción específica a ellos, nos sentimos obligados a aceptar la validez y caracterización que la corte sentenciadora hizo. Eso es más o menos lo sucedido en este caso.

*Por las razones antes expuestas, debe declararse sin lugar la moción de reconsideración.*